IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL WYANT, | ) | |
|     Petitioner, | ) | Civil Action No. 09-42 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| RAYMOND SOBINA, | ) | |
|     Respondent. | ) | |

**OPINION AND ORDER**[1]

Petitioner, Daniel Wyant, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges a judgment of sentence imposed upon him on June 22, 1992, in the Erie County Court of Common Pleas. Because he did not receive from the U.S. Court of Appeals for the Third Circuit an order authorizing this Court to consider this successive habeas petition, as required by 28 U.S.C. § 2244(b)(3)(A), the petition will be dismissed for lack of jurisdiction, and a certificate of appealability will be denied.

**I.**

**A.**  **Relevant Background**[2]

On May 14, 1992, after a jury trial in the Erie County Court of Common Pleas at Criminal Docket Numbers 249 and 307 of 1992, Petitioner was found guilty of the following offenses: Murder in the Second Degree, Robbery, Criminal Conspiracy, Recklessly Endangering Another Person, and

---

[1]     In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

[2]     Respondents have submitted most of the Common Pleas Court's file, which will be cited to as "CP Dkt. No. __."

1

Terroristic Threats. (CP Dkt. No. 8). On May 28, 1992, he filed a motion for a new trial or arrest of judgment. On June 5, 1992, that motion was denied. (CP Dkt. No. 9).

Petitioner appealed his judgment of sentence to the Superior Court of Pennsylvania. (CP Dkt. Nos. 27-32). On May 10, 1994, the Superior Court affirmed on all counts except robbery, which it directed had to be vacated because the sentence for it should have merged with that for second degree murder. (CP Dkt. No. 34, Commonwealth v. Wyant, No. 487 Pittsburgh 1993, slip op. (Pa.Super. May 10, 1994)). The Supreme Court of Pennsylvania denied a petition for allowance of appeal on September 9, 1994. Petitioner's judgment of sentence became final on or around December 8, 1994, upon expiration of the time to file a petition for writ of certiorari with the U.S. Supreme Court. Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of time for seeking such review).

Next, Petitioner filed a *pro se* motion under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*. The PCRA Court appointed counsel and on March 22, 1996, counsel filed an amended motion for PCRA relief. (CP Dkt. No. 36). The PCRA Court denied the motion without a hearing in October 1996. (CP Dkt. Nos. 40-43). On April 23, 1997, the Superior Court affirmed. (CP Dkt. No. 49, Commonwealth v. Wyant, Nos. 2254 & 2255 Pittsburgh 1996, slip op. (Pa.Super. Apr. 23, 1997)). The Supreme Court of Pennsylvania subsequently denied a petition for allowance of appeal.

On or around February 24, 1999, Petitioner filed with this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he challenged his June 22, 1992, judgment of sentence. He challenged his jury instructions, the sentence imposed, and claimed that he received ineffective counsel at trial, on direct appeal, and in the PCRA proceeding. That petition was docketed as Wyant v. Brennan, 1:99-cv-73 (W.D. Pa.). On January 18, 2002, this Court denied the petition on the merits and

denied a certificate of appealability. Petitioner pursued an appeal with the Third Circuit Court, which dismissed it as untimely filed.

On December 16, 2008, Petitioner, through Deana L. Heasley, Esq. and Jessica A. Fiscus, Esq., filed another PCRA motion. (CP Dkt. Nos. 50, 60, 61). He raised the same grounds for relief that he is raising in the instant federal habeas petition. He claimed, as he does here, that at his trial the Commonwealth introduced a statement from his non-testifying co-defendant expressly referencing him multiple times and implicating him in the crimes charged. He asserted that that was violative of the U.S. Supreme Court's holding in Crawford v. Washington, 541 U.S. 36, 68-69 (2004). In Whorton v. Bockting, 549 U.S. 406 (2007), the U.S. Supreme Court held that Crawford announced a "new" rule of criminal procedure. Therefore, under the "Teague rule," Crawford does not apply to *federal habeas cases* (such as Petitioner's), in which the state conviction became final before March 8, 2004 (the date Crawford was decided).[3] Petitioner argued, however, that since the U.S. Supreme Court held in Danforth v. Minnesota, 552 U.S. 264, 275-82 (2008), that Teague does not constrain the authority of state courts to provide remedies for a broader range of constitutional violations than are redressable on federal habeas, the state court could and should apply Crawford to his case.[4]

---

[3]   Under the rule announced in Teague v. Lane, 489 U.S. 288 (1989), new constitutional rules announced by the U.S. Supreme Court that place certain kinds of primary individual conduct beyond the power of the States to proscribe, as well as "watershed" rules of criminal procedure, must be applied in all future trials, all cases pending on direct review, and all federal habeas corpus proceedings. All other new rules of criminal procedure, such as Crawford, must be applied in future trials and in cases pending on direct review, but may not provide the basis for a federal collateral attack on a state-court conviction. See also Penry v. Lynaugh, 492 U.S. 302 (1989).

[4]   Petitioner also claimed, as he does here, that he recently became aware that the prosecutor and the paralegal for his co-defendant's attorney had a romantic relationship at the time of trial, creating a conflict of interest, an apparent conflict of interest and/or an appearance of impropriety. He abandoned that claim in his subsequent appeal to the Superior Court.

The PCRA Court held a hearing on April 2, 2009. On August 11, 2009, it denied relief. Petitioner filed an appeal with the Superior Court, in which he continued to pursue relief under Crawford.

On April 12, 2011, the Superior Court issued a Memorandum in which it affirmed the PCRA Court's decision. (Commonwealth v. Wyant, No. 1525 WDA 2009, slip op. (Pa.Super. Apr. 12, 2011), attached hereto). It held that the PCRA motion was untimely under the applicable one-year statute of limitations, set forth in 42 Pa.C.S. § 9545(b). Specifically, it held that since the PCRA motion at issue was filed over 14 years after Petitioner's judgment of sentence became final on December 8, 1994, it was "patently untimely." The Superior Court further determined that Petitioner had not established that his case fell within any of the statutory exceptions to the timeliness requirements of the PCRA set forth in 42 Pa.C.S. § (b)(1)(i)-(iii). (Wyant, No. 1525 WDA 2009, slip op. at 6-13).

**B.     Discussion**

Petitioner now seeks relief in this Court under the same grounds for relief he asserted before the state court in his most recent PCRA proceeding. He contends that he is entitled to relief under Crawford, but since that case was decided after his judgment of sentence became final, it does not apply to him in federal habeas pursuant to the Teague rule. There is, however, an even more fundamental problem with his request for habeas relief. Because the instant federal habeas petition is at least the second one that Petitioner has filed in which he challenges his judgment of sentence, it is subject to the authorization requirements set out at 28 U.S.C. § 2244(b), a provision of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). In pertinent part, AEDPA mandates that before filing a second or successive habeas corpus petition, a petitioner must obtain an order from the court of appeals

4

authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). See U.S.C. § 2244(b)(3)(C). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. Burton v. Stewart, 549 U.S. 147 (2007).

A review of the computerized dockets of the Third Circuit Court establishes that Petitioner has not received from it permission to file a second or successive petition. Therefore, the instant habeas petition must be dismissed because this Court lacks jurisdiction. Id. at 152-54.

**C.      Certificate of Appealability**

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying this standard here,

5

jurists of reason would not find it debatable whether the instant petition is a successive petition. Accordingly, a certificate of appealability should be denied.

## II.

For the foregoing reasons, the petition for writ of habeas corpus is dismissed. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL WYANT, | ) | |
|     Petitioner, | ) | Civil Action No. 09-42 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| RAYMOND SOBINA, | ) | |
|     Respondent. | ) | |

## **ORDER**

AND NOW, this 26th day of September, 2011;

IT IS HEREBY ORDERED that the petition for a writ of habeas corpus is DISMISSED for lack of subject matter jurisdiction. The Clerk of Courts is hereby directed to close this case.

                                              /s/ Susan Paradise Baxter
                                              SUSAN PARADISE BAXTER
                                              United States Magistrate Judge

cc:    Notice by ECF to counsel of record and by U.S. Mail to:

Daniel Wyant
BW-2074
SCI Albion
10745 Route 18
Albion, PA 16475